UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN A PORTER III,

                       **Plaintiff,**

    v.                                               5:22-cv-1067
                                                           (TJM/TWD)

SHAIQUIDA B HAYES,

                       **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

**DECISION and ORDER**

**I.    INTRODUCTION**

The Clerk of the Court sent the *pro se* Complaint filed by John A. Porter III ("Plaintiff"), together with an application to proceed *in forma pauperis* ("IFP Application"), to the Hon. Thérèse Wiley Dancks, United States Magistrate Judge, for review.

Judge Dancks granted Plaintiff's IFP Application, and recommended that the Court dismiss Plaintiff's Complaint in its entirety for lack of subject matter jurisdiction and for failure to state a claim. *See* Order and Report-Recommendation, Dkt. No. 4. Judge Dancks further recommended that dismissal be without leave to amend. *See id*.

As Judge Dancks explained, Plaintiff claims Defendant Shaiquida B. Hayes defamed him and stole his identity through the creation of "a fictitious Tik Tok Page using [Plaintiff's] images, likeness and intellectual property" wherein she "listed [Plaintiff's] home address to 92 followers without consent," and "portrayed [him] as a Homosexual man,

1

when in Fact, [he] is not." Dkt. No. 1 at 2. Judge Dancks interpreted Plaintiff as advancing two causes of action: (1) that Defendant defamed him in violation of 28 U.S.C. § 4101(1), and (2) that Defendant stole his identity in violation of 18 U.S.C. § 1028a. Judge Dancks concluded that this Court "lacks subject-matter jurisdiction over Plaintiff's Complaint because there is no diversity of citizenship and the Complaint fails to state a claim that arises under the Constitution, laws, or treaties of the United States." Order and Report-Recommendation, at 4.

As to diversity of citizenship, Judge Dancks noted that the Complaint alleges that Plaintiff and Defendant are both citizens of New York. *See id*.

As to federal question jurisdiction, Judge Dancks explained that 28 U.S.C. § 4101 does not create a cause of action for defamation, and that 18 U.S.C. § 1028 is criminal in nature and creates no private right of action. *Id*. at 5-6 (citations omitted).

As to the opportunity to amend, Judge Dancks concluded that amendment would be futile because Plaintiff's claims are not cognizable as private causes of action under federal law. *Id.* at 7.

Plaintiff did not object to the recommendations in the Order and Report-Recommendation, and the time to do so has passed.

II.   **DISCUSSION**

After examining the record, this Court has determined that the recommendations in the Order and Report-Recommendation are not subject to attack for plain error or manifest injustice. The Court will accept and adopt Judge Dancks' recommendations for the reasons stated within the Order and Report-Recommendation.

### III.	CONCLUSION

Accordingly, Judge Dancks' Order and Report-Recommendation, Dkt. No. 4, is **ACCEPTED and ADOPTED**.  Thus, it is hereby

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED WITHOUT LEAVE TO AMEND** pursuant to Fed. R. Civ. P. 12(h)(3), 28 U.S.C. § 1915(e)(2)(B)(ii), and *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

**IT IS SO ORDERED.**

Dated: January 19, 2023

_/s/ Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge